IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Warren Richards, | |
| Plaintiff, | |
| v. | Case No. 1:25-cv-01145-TWP-MKK |
| Fashion Nova, LLC | |
| Defendant. | |

**<u>Brief in Support of Fashion Nova, LLC's Motion to Stay</u>**

Plaintiff brought this putative Telephone Consumer Protection Act class action on the basis that Fashion Nova allegedly sent him text messages in violation of the statute. Plaintiff asserted a single count for violation of the TCPA under 47 U.S.C. § 227(c)(5). In response to the complaint, Fashion Nova sought dismissal under Rule 12(b)(6) based on a single issue of law: whether the TCPA's private right of action under 47 U.S.C. § 227(c)(5) authorizing suit for "telephone calls" applies to Plaintiff's claims, which arise solely of out of text messages allegedly sent by Fashion Nova to Plaintiff.

This very legal issue will be decided by the Seventh Circuit in *Steidinger, et al. v. Blackstone Medical Services*, No. 25-2398 ("*Blackstone*"). A stay is appropriate pending the outcome of *Blackstone* since the appeal involves the same threshold issue of law which may potentially dispose of this entire action. If the Seventh Circuit holds that the private right of action under Section 227(c)(5) does not apply to text messages, then that holding will

dispose of this entire case, thereby avoiding the substantial burdens of contested class discovery, and class certification proceedings. Alternatively, if the Court is not inclined to stay this action pending the outcome of *Blackstone*, it should for similar reasons stay discovery and Rule 26(a) disclosures pending the outcome of Fashion Nova's motion to dismiss.

I.    **RELEVANT BACKGROUND**

A.    **Summary of Complaint and Procedural Background**

Plaintiff alleges that in May and June 2025 Fashion Nova sent text messages to Plaintiff's (765) 748-XXXX cellular telephone number. Compl., ¶¶ 8, 16. Plaintiff alleges he obtained the phone number sometime in 2025 and he registered it on the National Do Not Call Registry ("DNC") on March 25, 2025. *Id.*, ¶¶ 8, 15. According to his complaint, "[t]he purpose of the subject text messages was to advertise and market Defendant's products or services," and the messages "were intended for someone other than, and unknown to Plaintiff." *Id.*, ¶¶ 19–20. Plaintiff does not allege he received any telephone calls from Fashion Nova. *See* Compl., generally.

Plaintiff next alleges that text messages he received from Fashion Nova violated 47 C.F.R. § 64.1200(c), which prohibits making a "telephone solicitation" to a "residential telephone subscriber who has registered his telephone number" on the DNC. Compl., ¶ 56. Based on this alleged violation of Section 64.1200(c), Plaintiff brings one count for violation

of the TCPA under 47 U.S.C. § 227(c)(5). *Id.*, ¶¶ 53–61. He also seeks to certify a putative

class which he defines as:

> All persons throughout the United States (1) who did not provide their
> telephone number to Fashion Nova, LLC, (2) to whom Fashion Nova, LLC
> delivered, or caused to be delivered, more than one voice message or text
> message within a 12-month period, promotion Fashion Nova, LLC goods
> or services, (3) where the person's residential or cellular telephone number
> had been registered with the National Do Not Call registry for at least thirty
> days before Fashion Nova, LLC delivered, or caused to be delivered, at least
> two of the voice messages or text messages within the 12-month period,
> (4) within four years preceding the date of this complaint and through the
> date of class certification.

*Id.*, ¶ 25.

On August 13, 2025, Fashion Nova filed a Rule 12(b)(6) motion to dismiss. Its motion

raises the following issue of law that is potentially dispositive of this entire action: whether

the private right of under 47 U.S.C. § 227(c)(5) applies to text messages. Dkt. 16. As

discussed in Fashion Nova's motion, the private right of action under Section 227(c)(5)

covers any person "who has received more than one telephone call within any 12-month

period," in violation of the rules promulgated by the FCC under Section 227(c). *Id.* For the

reasons discussed extensively in Fashion Nova's motion, the term "telephone call" does

not encompass a "text message". *Id.* And because Plaintiff's claims arises solely out of his

alleged receipt of text messages from Fashion Nova, he cannot maintain any claim for

violation of the TCPA under 47 U.S.C. § 227(c)(5).

**B.     The *Blackstone* Appeal Involves the Same Issue of Law Raised by Fashion Nova in Its Motion to Dismiss**

The plaintiffs in *Blackstone* allege that the defendant sent them text messages in violation of the rules promulgated by the FCC under 47 U.S.C. § 227(c). *Jones v. Blackstone Med. Servs., LLC*, __ F. Supp. 3d __, No. 1:24-CV-01074-JEH-RLH, 2025 WL 2042764, at *1 (C.D. Ill. July 21, 2025). As Plaintiff does here, the *Blackstone* plaintiffs brought their claims against the defendant under the private right of action for "telephone calls" contained in Section 227(c)(5). *Id.*

The defendant moved to dismiss the plaintiffs' claims under Rule 12(b)(6), and the District Court granted the motion based upon its finding that the private right of action under 47 U.S.C. § 227(c)(5) for "telephone calls" does not apply to text messages. *Id.* at *4-5. The plaintiffs then appealed the court's dismissal on August 12, 2025. See *Blackstone*, No. 25-2398 at Doc. 1. The Seventh Circuit has set the following briefing schedule: appellant's brief due on October 14, 2025; appellee's brief due on November 13, 2025; appellee's reply brief due on December 4, 2024. *Id.* at Doc. 4.

## II.     <u>DISCUSSION</u>

**A.     Courts Evaluate The Same Factors in Determining Whether to Stay an Action Pending Appeal, or to Stay Discovery Pending a Motion to Dismiss**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936). "Courts in

this circuit generally consider three factors when deciding whether a stay pending appeal is appropriate: '(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court.'" *GoodCat, LLC v. Cook*, No. 116CV01514RLYDML, 2016 WL 10490470, at *1 (S.D. Ind. Nov. 21, 2016) (citing *Se-Kure Controls, Inc. v. Sennco Sols., Inc.*, 675 F. Supp. 2d 877, 879 (N.D. Ill. 2009).)

Courts will consider the same factors when deciding whether to stay discovery pending a Rule 12(b)(6) motion to dismiss. *See Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015). A stay of discovery is typically warranted "when a party raises a potentially dispositive threshold issue such as standing, jurisdiction, or qualified immunity." *Id.* at *3.

**B.    The Question of Whether the Private Right of Action Under 47 U.S.C. § 227(c)(5) Applies to Text Messages is a Threshold Issue of Law**

The question of whether the private right of action under 47 U.S.C. § 227(c)(5) applies to text messages is a threshold dispositive issue. *See Bernacchi v. First Chicago Ins. Co.*, 52 F. 4th 324, 329 (7th Cir. 2022); *Olson v. Brown*, No. 4:09-CV-6 JD, 2012 WL 3044275, at *6 (N.D. Ind. July 25, 2012) ("The threshold question on these claims—and ultimately the dispositive issue—is whether the plaintiffs have a private right of action to enforce these standards.") If the either the Seventh Circuit, or the Court determines the private right of action under Section 227(c)(5) does not apply to text messages, then Plaintiff lacks the right

5

to sue under Section 227(c)(5). This is not a pleading defect that may be cured by amendment, meaning a decision favorable to Fashion Nova on this threshold issue of law will terminate these proceedings.

### C.    All Three Factors Weight in Favor of Granting Fashion Nova's Motion

First, granting a stay will result in no prejudice to Plaintiff. This case was recently filed. The scope of the private right of action under 47 U.S.C. § 227(c)(5) is a pure question of law which requires no discovery to resolve. Moreover, Plaintiff does not claim that he continues to receive text messages from Fashion Nova "so there is no risk of ongoing harm to Plaintiff." *Ankcorn v. Kohl's Corp*., No. 15-CV-1303, 2017 WL 395707, at *3 (N.D. Ill. Jan. 30, 2017) (granting stay of putative TCPA class action).

Second, as discussed above, the issue presented both in *Blackstone*, and in Fashion Nova's motion to dismiss "could potentially dispose of . . . the entire litigation, which would undoubtedly simplify the issues." *Saeed & Little, LLP v. Casey*, No. 1:23-CV-01647-RLY-KMB, 2024 WL 3678203, at *3 (S.D. Ind. Aug. 5, 2024); see also *Gensel v. Performant Techs., Inc.*, No. 13-C-1196, 2015 WL 6158072, at *2 (E.D. Wis. Oct. 20, 2015) (stay of putative TCPA class action granted where a ruling by the Seventh Circuit "would by dispositive of the instant case," and stay was therefore "in the interest of judicial economy."); *DeBoard v. BH Urb. Station, LLC*, No. 1:22-CV-02160-RLY-KMB, 2023 WL 1363346, at *2–3 (S.D. Ind. Jan. 30, 2023) ("Defendants' Motions to Dismiss have the potential to dispose of the entire litigation, which would undoubtedly 'streamline' the issues for the Court.")

Third, a stay will reduce the burden of litigation on the Court and the parties. Class actions such as this one "have the potential to entail costly and burdensome discovery." *Kuklinski v. Binance Cap. Mgmt. Co*., No. 21-CV-01425-SPM, 2022 WL 3018427, at *2 (S.D. Ill. July 29, 2022); see also *Ashley W. v. Holcomb*, No. 319CV00129RLYMPB, 2019 WL 9673894, at *2 (S.D. Ind. Oct. 31, 2019) ("Given the allegations involved, the size of the purported class, and the temporal scope of the claims this case is susceptible to burdensome, costly, and contested discovery.") Plaintiff seeks to certify a class of any individuals throughout the United States who received more than one "voice message or text message" from Fashion Nova from June of 2021 through the date of class certification.  Compl., ¶ 25. Discovery would cover text messaging records to and from a potentially vast number of individuals located across the country, and span a relatively lengthy four-plus year period of time.  Fashion Nova's consent from consumers, and its established business relationship with the individuals it texts will be cornerstone defenses.  See 47 C.F.R. § 64.1200(c)(2), (f)(15). Discovery concerning those defenses will likely entail large volumes of records concerning consent obtained by Fashion Nova, and the purchase histories of Fashion Nova's customer base.

Because the *Blackstone* appeal and Fashion Nova's motion both involve the same threshold issue of law, the outcome of either has the potential to altogether eliminate the substantial burdens associated with this putative class action. *See* e.g. *Garvey v. Fortegra Fin. Corp*., No. 16 CV 11210, 2017 WL 3669036, at *2 (N.D. Ill. Aug. 14, 2017) (stay pending appeal

granted in putative TCPA class action where the "decision will strongly influence the needs of this case, issues at stake, importance of the discovery in dispute here, and burden or expense to the litigant."); *Gorss Motels, Inc. v. Am. Hotel Reg. Co.*, No. 17 C 1011, 2019 WL 13065922, at *4 (N.D. Ill. Mar. 5, 2019) (stay warranted in putative TCPA class action where it "could spare the parties and the Court substantial costly discovery and related motion practice."); *Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) (where, as here, "the case is susceptible to burdensome and costly discovery, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed.")

## III.    CONCLUSION

For the reasons discussed above, Fashion Nova respectfully requests that the Court stay this action pending the outcome of *Blackstone*. If the Court is not inclined to stay this action pending the outcome of *Blackstone*, then Fashion Nova requests in the alternative that the Court stay discovery and Rule 26(a) disclosures pending a ruling on Fashion Nova's motion to dismiss.

Respectfully submitted,

 /s/*Artin Betpera*
Artin Betpera
BUCHALTER, APC
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
T: (949) 224-6422
abetpera@buchalter.com

_/s/ Manuel Herceg_____

Manuel Herceg, Atty. No. 29956-06

TAFT STETTINIUS & HOLLISTER LLP

One Indiana Square, Suite 3500

Indianapolis, Indiana 46240

T: (317) 713-3500

mherceg@taftlaw.com

_Counsel for Defendant Fashion Nova, LLC_

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2025, I electronically filed the foregoing

document with the Clerk of the Court using the electronic court filing system, which

will provide notification of such filing to all counsel of record.

_/s/ Artin Betpera_____

Artin Betpera