IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Warren Richards, | |
| Plaintiff, | |
| v. | Case No. 1:25-cv-01145-TWP-MKK |
| Fashion Nova, LLC | |
| Defendant. | |

## Fashion Nova, LLC's Reply Brief in Support of Motion to Stay

Plaintiff's entire opposition is based on the wrong legal standard.  Fashion Nova is not seeking to stay the enforcement of a court order pending its own appeal of that order. It is instead asking the Court to exercise its discretion pursuant to *Landis v. North American Co.*, 299 U.S. 248 (1936) to stay this action pending the outcome of the *Blackstone* appeal, because that appeal will decide a threshold issue of law in this case.  Accordingly, factors such as likelihood of success on the merits, and irreparable harm—which are evaluated *only* when a litigant seeks to stay the enforcement *of a court order* pending appeal—are totally irrelevant to this motion.

Plaintiff does not meaningfully address the factors evaluated by District Courts throughout the Seventh Circuit when deciding whether to issue a *Landis* stay. Plaintiff does not dispute that the question of whether the private right of action under 47 U.S.C. § 227(c)(5) applies to text messages is a threshold issue of law.  He therefore cannot dispute

that a stay would streamline this case. And other than engaging in speculation about lost documents, or faded memories, Plaintiff has not provided a convincing reason why he would be unduly prejudiced by a stay.

Lastly, while spending most of his opposition making irrelevant arguments based on an inapplicable legal standard, Plaintiff offers no opposition to Fashion Nova's alternative request that the Court stay discovery pending a ruling on its Rule 12(b)(6) motion to dismiss. Accordingly, the Court should grant Fashion Nova's motion, and either stay this action pending the outcome of the *Blackstone* appeal, or stay discovery pending a ruling on Fashion Nova's Rule 12(b)(6) motion.

## I.    Likelihood of Success on the Merits and Irreparable Harm Are Not Factors A Court Will Consider in Deciding Whether to Exercise Its Discretion to Stay an Action Pending Appeal

Plaintiff argues in his opposition that "[t]he standard for granting a stay pending appeal mirrors that for a preliminary injunction," and is based on the following four factors: "whether the movant has made a strong showing of likelihood of success on the merits, whether the movant will suffer irreparable injury without a stay, whether issuance of the stay will substantially injure other parties, and where the public interest lies." Opposition, Doc. 33, p. 1. However, this is the standard applicable when a litigant moves to "**stay an order** pending appeal." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (emphasis added); *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014) (four-factor standard applied to determine "whether the bankruptcy court's orders should be stayed pending

resolution of the appeal on the merits."); *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019) (four-factor standard applies "[i]n deciding whether to stay a federal court decision (other than a money judgment) while review proceeds.")  This makes sense, since under these circumstances, a party is effectively seeking to enjoin the enforcement of a court order.

That is not what Fashion Nova seeks to do here.  Rather, Fashion Nova has asked the Court to exercise its discretion pursuant to its "power to stay proceedings," which "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co.* (1936) 299 U.S. 248, 254.  As set forth in Fashion Nova's motion, and summarized by Chief Judge Pratt in another case, courts will consider the following three factors in deciding whether to stay an action under the principles articulated in *Landis*: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court."  *Am. Senior Communities, LLC v. Burkhart*, No. 117CV03273TWPDML, 2019 WL 415614, at *2 (S.D. Ind. Feb. 1, 2019) (quoting *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)).

Applying these three factors, courts within the Seventh Circuit have routinely granted stays of putative TCPA class actions pending appellate proceedings on issues of law that are either dispositive, or central to the case.  See e.g. *Gensel v. Performant Techs.,*

*Inc.*, No. 13-C-1196, 2015 WL 6158072, at *2 (E.D. Wis. Oct. 20, 2015) (granting stay of putative TCPA class action pending Seventh Circuit appellate proceedings over the interpretation of the statutory definition of an Automatic Telephone Dialing System); *Amodeo v. Grubhub, Inc.*, No. 17-CV-01284, 2017 WL 5166647, at *1 (N.D. Ill. Aug. 11, 2017) (staying putative TCPA class action pending appellate proceedings which "will materially affect Plaintiff's claims in this case.") *Ankcorn v. Kohl's Corp.*, No. 15-CV-1303, 2017 WL 395707, at *3 (N.D. Ill. Jan. 30, 2017) (collecting cases in which "numerous courts around the country have granted similar motions to stay in TCPA cases[.]")

Plaintiff has dedicated nearly his entire opposition to discussing factors that are completely irrelevant to the question of whether the Court should exercise its discretion to stay this action pending the outcome of the *Blackstone* appeal.  Under *Landis*, it is unnecessary for this Court to consider or weigh the underlying merits of the parties' legal arguments in *Blackstone,* nor is it necessary for Fashion Nova to establish irreparable harm. But if the underlying merits of *Blackstone* were relevant, then they would weigh in favor of granting a stay since the District Court agreed with the defendant's argument that 47 U.S.C. § 227(c)(5) does not apply to text messages.  And, since that time, at least one other court has similarly concluded that Section 227(c)(5) does not apply to text messages.  *Davis v. CVS Pharmacy, Inc.*, ___ F. Supp. 3d. ___, No. 4:24-CV-477-AW-MAF, 2025 WL 2491195, at *1 (N.D. Fla. Aug. 26, 2025) ("no ordinary person would think of a text message as a 'telephone

call.' This conclusion—supported by the ordinary public meaning at the time of the provision's enactment—is enough to end this case.")

## II.    Plaintiff Does Not Dispute That The Question of Whether 47 U.S.C. § 227(c)(5) Applies to Text Messages is a Threshold Issue of Law, or That a Stay Would Streamline This Case

Plaintiff fails to address, and consequently concedes the merits of Fashion Nova's central argument that the issue to be decided in *Blackstone* is a threshold issue of law, and that a stay would therefore streamline the issues in this case.  Indeed, Plaintiff does not dispute that if the *Blackstone* court were to affirm—thereby holding that 47 U.S.C. § 227(c)(5) does not apply to text messages—then that outcome would not just streamline the case, but would be "enough to end this case."  *Davis*, 2025 WL 2491195, at *1.

## III.    Plaintiff's Argument That He Would be Prejudiced by a Stay Is Based Entirely On Speculation

Plaintiff argues that he would be prejudiced by a stay because "it would postpone relief," to Plaintiff and members of a putative class which has not been certified. Opposition, p. 12.  However, Plaintiff does not claim that he continues to receive any text messages from Fashion Nova.  Otherwise, a delay in Plaintiff's case is not sufficient to show undue prejudice.  See e.g. *Garvey v. Am. Bankers Ins. Co. of Fla.*, No. 17 C 986, 2017 WL 6016307, at *1 (N.D. Ill. Dec. 4, 2017) ("the potential for delay has not prevented other courts from granting a stay."); *Uniloc USA, Inc. v. Exclusive Grp. LLC*, No. 117CV03962SEBMJD, 2018 WL 11229418, at *2 (S.D. Ind. Aug. 29, 2018) ("the Court acknowledges that granting a stay will delay Plaintiffs' case; however, this factor alone is insufficient to show undue

prejudice.")  And in any event, "any slight risk of prejudice or disadvantage to [Plaintiff] is mitigated by the fact that this case is at a very early stage."  *GoodCat, LLC v. Cook*, No. 116CV01514RLYDML, 2016 WL 10490470, at *1 (S.D. Ind. Nov. 21, 2016).

Next, Plaintiff speculates that a stay would result in the destruction of evidence. However, as discussed with the Court during the Initial Pre-Trial Conference held on September 8, 2025, the evidence in this case predominantly consists of electronically stored information.  And, as lead counsel for Fashion Nova discussed with the Court during the IPTC, both Fashion Nova and its third party text vendor have instituted legal holds on relevant data, such as text logs, and consent records.  Plaintiff has otherwise failed to present a non-speculative basis for this Court to conclude that a stay would result in the destruction of relevant evidence.

Lastly, Plaintiff speculates that he will be prejudiced by a stay because "the memories of the parties and other witnesses may fade."  Opposition, p. 13.  However, "general assertions" that "memories may fade, and documents may be inadvertently destroyed," are "[w]ithout more . . . insufficient to justify a conclusion of undue prejudice." *Nat'l Police Ass'n, Inc. v. Gannett Co.*, No. 121CV01116TWPDLP, 2021 WL 5364207, at *3 (S.D. Ind. Oct. 25, 2021).

## IV.    <u>Conclusion</u>

Plaintiff asserts that moving forward with the case "will refine the issues and promote judicial efficiency[.]"  Opposition, p. 13.  He does not explain why this is the case.

The opposite is true.  Denial of a stay would require the parties to engage in expensive, time-consuming, and likely contested class discovery, in addition to dispositive motions, and class certification proceedings.  All of this would be rendered a complete and utter waste if the Seventh Circuit affirms in *Blackstone*.  Common sense principles of judicial economy therefore strongly support staying this action pending the outcome of *Blackstone*, or at a minimum, staying discovery pending a ruling on Fashion Nova's Rule 12(b)(6) motion.

Respectfully submitted,

 /s/*Artin Betpera*
Artin Betpera
BUCHALTER, APC
18400 Von Karman Avenue, Suite 800
Irvine, California 92612
T: (949) 224-6422
abetpera@buchalter.com


 /s/ *Manuel Herceg*
Manuel Herceg, Atty. No. 29956-06
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46240
T: (317) 713-3500
mherceg@taftlaw.com

*Counsel for Defendant Fashion Nova, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2025 I electronically filed the foregoing

document with the Clerk of the Court using the electronic court filing system, which

will provide notification of such filing to all counsel of record.

<u>/s/ Artin Betpera</u>
Artin Betpera