UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WARREN RICHARDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:25-cv-01145-TWP-MKK ) |
| FASHION NOVA, LLC, | ) ) ) |
| Defendant. | ) |

# ORDER

This matter comes before the Court on Defendant's Motion to Stay, Dkt. [20], pending the Seventh Circuit's ruling on what Defendant presents as a threshold legal issue, or in the alternative, pending this Court's ruling on Defendant's motion to dismiss, (Dkt. 15). For the reasons set forth below, the Court **GRANTS** the Motion.

## I. Background[1]

Plaintiff, on behalf of himself and others similarly situated, brings this putative class action against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA"). (Dkt. 1 at ¶¶1, 2). Plaintiff alleges Defendant sent unsolicited text messages to his personal home telephone number despite Plaintiff having registered his telephone number on the Do Not Call Registry. (*Id.* at ¶¶9, 15, 16). In doing so, Plaintiff claims Defendant violated the TCPA. (*Id.* at ¶¶59, 60).

---

[1] This synopsis does not constitute factual findings. Rather, this summary draws on the various filings in this case and is intended only to provide context for this Order.

On August 13, 2025, Defendant moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 15). Defendant alleges that the TCPA creates a private right of action for phone calls only, not for text messages. (Dkt. 16 at 1). On August 27, 2025, Defendant filed this Motion to Stay, (Dkt. 20), seeking to stay proceedings pending a ruling in a Seventh Circuit case involving a similar legal issue, or in the alternative, pending a ruling on Defendant's motion to dismiss, (Dkt. 15). Plaintiff filed a response in opposition to the motion to stay on September 5, 2025, (Dkt. 23), and Defendant replied in support of the Motion on September 12, 2026, (Dkt. 27). The Motion is now ripe for review.

**II.    Applicable Law**

"District courts have '*extremely broad discretion*' in . . . deciding whether a stay should issue." *United States ex rel. Robinson v. Ind. Univ. Health, Inc.*, No. 1:13-cv-02009-TWP-MJD, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015) (citation omitted; emphasis in original). "Filing a motion to dismiss does not automatically stay discovery[.]" *Red Barn Motors, Inc. v. Cox Enters., Inc.*, No. 1:14-cv-1589-TWP-DKL, 2016 WL 1731328, at *2 (S.D. Ind. May 2, 2016) (citation omitted). As a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Id.* at *3 (citation omitted). Stays of discovery are disfavored "because they bring resolution of the dispute to a standstill." *Am. Senior Cmtys.,*

2

*LLC v. Burkhart*, No. 1:17-cv-3273-TWP-DML, 2019 WL 415614, at *2 (S.D. Ind. Feb. 1, 2019) (internal quotation marks and citation omitted).

The party seeking a stay of discovery bears the burden of showing good cause for a stay. *Id.* at *3 (citation omitted); *see also Robinson,* 2015 WL 3961221, at *1. The Court considers three factors:[2] "the prejudice or tactical disadvantage to the non-moving party; whether or not issues will be simplified . . . ; and whether or not a stay will reduce the burden of litigation on a party." *Johnson v. Navient Sols., Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015) (citation omitted).

## III.   Discussion

Defendant argues a stay of the case is warranted because the threshold issue – whether a text message constitutes a phone call under the TCPA – is dispositive. (Dkt. 21 at 5–6). As such, Defendant asks the Court to stay the action pending the Seventh Circuit's ruling on that same threshold issue in *Jones v. Blackstone Med. Servs.*, LLC, __ F. Supp. 3d __, No. 1:24-cv-01074-JEH-RLH, 2025 WL 2042764 (C.D. Ill. July 21, 2025). (*Id.* at 4). Alternatively, Defendant requests a stay pending

---

[2] Plaintiff argues that the "standard for granting a stay pending appeal mirrors that for a preliminary injunction." (Dkt. 23 at 1–2 (citing *Doe v. Univ. of S. Ind.*, No. 3:21-cv-144-TWP-CSW, 2024 WL 3637789 (S.D. Ind. Aug. 2, 2024))). However, that case (and standard) applies to a party's motion to stay an order entered in its own case while it pursues an appeal on the merits. For example, in *In re A & F Enterprises, Inc. II*, 742 F.3d 763, 765 (7th Cir. 2014), a party lost on the merits before a bankruptcy judge, who "issued orders deeming the building leases rejected and the franchise agreements and equipment leases expired." The losing party appealed those orders to the district court and sought a stay of those orders pending the appeal on the merits. *Id.* at 766. There, because the movant was essentially seeking to enjoin those orders pending the appeal, the Seventh Circuit employed a legal standard mirroring that for a preliminary injunction. *Id.* ("Stays, like preliminary injunctions, are necessary to mitigate the damage that can be done during the interim period before a legal issue is finally resolved on its merits."). Alternatively, here, the relevant appeal is in a separate action and Defendant seeks a stay of *this* case to conserve resources pending resolution of a threshold legal issue, not to enjoin an order entered in this case. As such, the Court employs the standard analysis for a stay of discovery.

the Court's ruling on its motion to dismiss, which seeks dismissal based on the same threshold issue. (*Id.*). Defendant asserts that a ruling in its favor from either of those rulings will result in the dismissal of Plaintiff's entire action. (*See id.* at 5–6 ("This is not a pleading defect that may be cured by amendment, meaning a decision favorable to [Defendant] on this threshold issue of law will terminate these proceedings.")). Therefore, Defendant argues all three factors weigh in favor of granting the Motion. (*Id.* at 6).

### A. Simplification of Issues

Defendant asserts that its motion to dismiss could dispose of the entire case because Plaintiff brings only one claim, which hinges on whether a text message constitutes a phone call under the TCPA. (Dkt. 21 at 6 (citing *Saeed & Little, LLP v. Casey*, No. 1:23-cv-01647-RLY-KMB, 2024 WL 3678203, at *3 (S.D. Ind. Aug. 5, 2024) (finding "the pending motions to dismiss could potentially dispose of Plaintiffs' claims against one or more Defendants or even the entire litigation, which would undoubtedly simplify the issues.")).

As noted in footnote 2, *supra*, Plaintiff employs the incorrect legal standard and instead focuses on "whether the movant has made a strong showing of likelihood of success on the merits, whether the movant will suffer irreparable injury without a stay, whether issuance of the stay will substantially injure the other parties, and where the public interest lies." (Dkt. 23 at 1 (quoting *Doe v. Univ. of S. Ind.*, 2024 WL 3637789, at *2)). As such, Plaintiff does not address whether the stay will simplify the issues.

4

Plaintiff brings only one count against Defendant, which is subject to a motion to dismiss on a potentially dispositive threshold issue. Defendant argues Plaintiff does not have a private right of action under the TCPA to bring the suit. (Dkt. 21 at 5–6 (citing *Olson v. Brown*, No. 4:09-cv-6 JD, 2012 WL 3044275, at *6 (N.D. Ind. July 25, 2012) ("[t]he threshold question on these claims—and ultimately the dispositive issue—is whether the plaintiffs have a private right of action to enforce these standards."))). Although leave to amend pleadings is freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), Defendant argues no amendment could change the nature of Plaintiff's claim because Plaintiff brings only a TCPA claim and alleges only that Defendant sent text messages, not phone calls. (*See id.* at 6). So, Defendant argues, if the Court finds the TCPA does not apply to text messages, Plaintiff will have no claim under the TCPA. (*Id.*). Plaintiff does not address this argument. Accordingly, Defendant has shown a favorable ruling on its motion to dismiss could entirely resolve the case; therefore, a stay could result in simplification of the issues. In sum, this factor favors a stay.

### B. Prejudice to Plaintiff

Defendant next argues a stay will not prejudice Plaintiff because the case is still in its early stages and no discovery is required to resolve the legal question presented in Defendant's motion to dismiss. (*Id.*). Defendant further contends that Plaintiff does not allege that Defendant continues to send him text messages, "so there is no risk of ongoing harm to Plaintiff." (*Id.* (citing *Ankcorn v. Kohl's Corp.*,

5

No. 15-CV-1303, 2017 WL 395707, at *3 (N.D. Ill. Jan. 30, 2017) (granting stay of putative TCPA class action))).

Plaintiff counters that a stay would prejudice him and the putative class by postponing relief for Plaintiff and "millions of consumers whose privacy rights Congress intended to protect." (Dkt. 23 at 12 (citing *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"))). Additionally, Plaintiff argues such delay could result in the destruction of records necessary to identify class members and the fading of parties' and witnesses' memories. (*Id.*).

Defendant, in reply, argues a mere threat of delay is not sufficient to show prejudice. (Dkt. 27 at 5–6 (citing *Uniloc USA, Inc. v. Exclusive Grp. LLC*, No. 117-cv-03962-SEB-MJD, 2018 WL 11229418, at *2 (S.D. Ind. Aug. 29, 2018) ("the Court acknowledges that granting a stay will delay Plaintiffs' case; however, this factor alone is insufficient to show undue prejudice."))). Likewise, Defendant asserts that general claims that memories fade are not sufficient to show undue prejudice. (*Id.* at 6 (citing *Nat'l Police Ass'n, Inc. v. Gannett Co., Inc.*, No. 12-cv-01116-TWP-DLP, 2021 WL 5364207, at *3 (S.D. Ind. Oct. 25, 2021) ("general assertions" that "memories may fade, and documents may be inadvertently destroyed," are "[w]ithout more . . . insufficient to justify a conclusion of undue prejudice."))). Defendant also notes that at the recent conference with the Court, Defendant

confirmed that it and its third-party text vendor have placed legal holds on relevant data for this action. (*Id.*). Therefore, it argues, it is unlikely that any evidence will be destroyed. (*Id.*).

Although there is some risk of prejudice to Plaintiff, he failed to sufficiently argue as much to justify a conclusion of undue prejudice. Moreover, as Defendant notes, (*id.*), the case is in its infancy with the Court having just conducted the initial pretrial conference on September 8, 2025, (Dkt. 24), and little (if any) discovery has taken place. (*See* Dkt. 26 (case management plan showing the initial disclosure deadline is not until November 18, 2025)). *See also Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery.").

Therefore, this factor, too, favors a stay.

### C. Burden of Litigation

Finally, Defendant argues "a stay will reduce the burden of litigation on the Court and the parties. Class actions such as this one 'have the potential to entail costly and burdensome discovery.'" (Dkt. 21 at 7 (quoting *Kuklinski v. Binance Cap. Mgmt. Co.*, No. 21-cv-01425-SPM, 2022 WL 3018427, at *2 (S.D. Ill. July 29, 2022))). Specifically, Defendant notes that "[d]iscovery would cover text messaging records to and from a potentially vast number of individuals located across the country, and span a relatively lengthy four-plus year period of time." (*Id.*). To support its affirmative defenses, Defendant also alleges discovery "will likely entail large

7

volumes of records concerning consent obtained by [Defendant], and the purchase histories of [Defendant's] customer base." (*Id.*).

In response, Plaintiff states only that "moving forward will refine the issues and promote judicial efficiency[.]" (Dkt. 23 at 13). Plaintiff does not address any of Defendant's arguments. Plaintiff's general statement, without more, is not enough to discount Defendant's assertions. Again, this factor favors a stay. *See Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 1:11-cv-249, 2011 WL 4345432, at *3 (N.D. Ind. Sept. 15, 2011) ("If the case is susceptible to burdensome and costly discovery, the district court should limit discovery once a motion to dismiss for failure to state a claim has been filed.").

### IV. Conclusion

Having considered the three factors relevant to staying a case in these circumstances, the Court finds Defendant has met its burden to stay this case. As Plaintiff notes, the Seventh Circuit could take years to resolve the relevant legal question, (Dkt. 23 at 14). The Court agrees. As such, the Court elects to stay the case pending resolution of Defendant's motion to dismiss, (Dkt. 15). Therefore, the Court exercises its discretion to stay the case and **GRANTS** the Motion, Dkt. [20]. The matter is STAYED pending resolution of Defendant's motion to dismiss.

So ORDERED.

Date: 10/24/2025

_M. Kendra Klump_
M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via CM/ECF.