UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WARREN RICHARDS, *on behalf of himself and all others similarly situated,* <br> Plaintiff, <br> v. <br> FASHION NOVA, LLC, <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No: 1:25-cv-01145-TWP-MKK <br><br> Hon. Tanya Walton Pratt <br><br> Hon. Magistrate M. Kendra Klump |

**Acknowledged**
TWP
March 2, 2026

# FASHION NOVA'S
# NOTICE OF SUPPLEMENTAL AUTHORITY

1.  Defendant Fashion Nova, LLC ("Fashion Nova") respectfully provides notice of three recent decisions bearing on Fashion Nova's Motion to Dismiss. (Dkt. 15, 16.)

2.  Specifically, in its Motion to Dismiss, Fashion Nova sought dismissal of Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227(c)(5) on the basis that Subsection 227(c)(5) applies only to *telephone calls* and does not apply to *text messages*.

3.  On February 17, 2026, a Northern District of Georgia court issued a decision captioned *Radvansky v. 1-800-Flowers.com, Inc.*, No 1:25-cv-2811, 2026 WL 456919 (N.D. Ga. Feb. 17, 2026) (attached as Exhibit 1). Following a comprehensive analysis, the court held that "the phrase 'telephone call' in 47 U.S.C. § 227(c)(5) does not encompass text messages." *Id.* at *5; *see also id.* at *3-5 (providing the entire analysis).

4.  The court further found persuasive another recent decision issued on February 12, 2026 in the Northern District of Georgia, *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-cv-00214 (N.D. Ga. Feb. 12, 2026) (attached as Exhibit 2). In *Kendo*, the court conducted a fulsome statutory analysis of the issue at hand and held that "because the Court finds that text messages do not fall

within the term 'telephone call' under Section 227(c)(5), Plaintiff's claim fails as a matter of law." *Id.* at 3-7.

5. On January 15, 2026, in the context of resolving a motion to stay discovery, a Southern District of Florida court rejected the notion that the FCC was authorized to "fill up the details" of the TCPA and thereby interpret "telephone call" to encompass text messages. *See McGonigle v. Pure Green Franchise Corp.*, No. 25-61164-CIV, 2026 WL 111338, at *2 (S.D. Fla. Jan. 15, 2026) ("§ 227(c)(1)(E) does not require this Court to defer to the Commission's interpretation of § 227(c)(5).") (attached hereto as Exhibit 3.)

6. This Court should follow the logic and analysis of these decisions, in addition to those decisions cited by Fashion Nova in its papers.

Dated: February 24, 2026

Respectfully submitted,

FASHION NOVA, LLC

By: /s/ Mark S. Eisen

David M. Krueger
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square
Suite 4900
Cleveland, OH 44114
440-313-2974
dkrueger@beneschlaw.com

Mark S. Eisen (admitted *pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive
Suite 1600
Chicago, IL   60606-4637
312-506-3442
meisen@beneschlaw.com

*Counsel for Fashion Nova, LLC*