UNITED STATES DISTRICT COURT　　　　　　　　　　　Acknowledged
FOR THE SOUTHERN DISTRICT OF INDIANA　　　　　　　TWP
INDIANAPOLIS DIVISION　　　　　　　　　　　　　　　March 2, 2026

| | |
|---|---|
| WARREN RICHARDS, *individually and on behalf of all others similarly situated*, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | Cause No. 1:25-cv-01145-TWP-MKK |
| FASHION NOVA LLC, ) ) | Hon. Tanya Walton Pratt |
| Defendant. ) ) ) | Hon. Magistrate M. Kendra Klump |
| ) | **ORAL ARGUMENT SCHEDULED** |

## WARREN RICHARDS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Warren Richards submits this notice of supplemental authority to alert the Court to *Alvarez v. Fiesta Nissan, Inc.*, No. 7:25-CV-00343, 2026 WL 202930 (S.D. Tex. Jan. 26, 2026), a decision issued recently that bears on the pending motion to dismiss in this case, ECF 15.

In *Alvarez*, Judge Crane of the United States District Court for the Southern District of Texas addressed the same issue presented here: whether a "telephone call" as that term is used in 47 U.S.C. § 227(c)(5) encompasses text messages sent to numbers listed on the National Do Not Call List. *Alverez* holds that the answer to that question is yes. That conclusion accords with several other recent decisions throughout the country. *See, e.g.*, *McGonigle v. Shopperschoice.com, L.L.C.*, No. 3:25-cv-152, 2026 WL 413198, at *6 (M.D. La. Feb. 13, 2026); *Mey v. Liberty Home Guard, LLC*, No. 5:23-cv-281, 2026 WL 486556, at *5–7 (N.D. W. Va. Jan. 5, 2026); *Hill v. Shoe Carnival, Inc.*, No. 6:25-CV-00349-JCB, 2026 WL 217776, at *2 (E.D. Tex. Jan. 5, 2026), report and recommendation adopted, No. 6:25-cv-00349, 2026 WL 216321 (E.D. Tex. Jan. 27, 2026); *Duron v. Kings Capital Holding LLC*, No. 3:25-cv-00149-DCG, 2026 WL 319779, at *6 (W.D. Tex. Jan. 13, 2026); *King v. Bon Charge*, No. 25-cv-00105-SB, 2025 WL 3764039, at *11 (D. Del. Dec. 30,

2025); *Taylor v. Cider (US) Holding Ltd.*, No. 25-CV-24496, 2026 WL 91453, at *2 (S.D. Fla. Jan. 13, 2026).

In reaching its conclusion, the court in *Alverez* recognized that the "true" challenge in answering this question arises from the changing meaning of the term "telephone." *Alvarez*, 2026 WL 202930, at *4. And, as the court observed, Judge Easterbrook's decision from the "classic case" *In re Erickson*, 815 F.2d 1090 (7th Cir. 1987) was "[r]emarkably relevant" in resolving it. *Id.* In that case, the *Alvarez* court explained:

> Judge Easterbrook considered a Wisconsin statute that made certain farming property unavailable to satisfy a civil judgment, allowing a farmer to retain "one mower" and "one hay loader." *Id.* at 1091–92. Just one problem: since the law's passage in 1935, farm technology had changed considerably. Old horse-drawn "mowers" were replaced by hydraulic, tractor-mounted haybines with hay conditioners, and "hay loaders" were replaced by automatic bailing/tying machines. *Id.* at 1092–93. And yet, the court found that the new technology was embraced by the old terms. Specifically, Judge Easterbrook wrote that a " 'mower' is not limited to the thing called a mower today," because "[a] statutory word of description does not designate a particular item (e.g., "a Massey-Ferguson Mower, Model GY–2589, manufactured in 1935, serial number 3875808") but a *class of things* that share some important feature." *Id.* at 1092 (emphasis added). Indeed, "a mower with a built-in stereo cassette deck would still be a 'mower', ... because it would still cut the hay," yet with "a second function, entertainment, just as the haybine has a second function, crushing the hay." *Id.* at 1093.

*Id.* at *4.

This same analysis, the court in *Alvarez* held, applies here. At the time of the TCPA's enactment, the widely recognized definition of "call" was "to get or try to get into communication by telephone." *Id.* at *4. And "[j]ust as a mower that both cuts and conditions hay is still a mower, a telephone which communicates texts and voice is still a telephone." *Id.* at *5. "Thus, to make a 'telephone call,' for purposes of § 227(c)(5), is 'to get or try to get into communication' with" a

2

"telephone," no matter if the telephone is from 1991 or 2026. *Id.* So, the court concluded, "[a] text message" "falls reasonably within th[at] literal language of the statute." *Id.*

Beyond that, the court in *Alvarez* also explained why statutory context—specifically, the meaning of the exact same term in the neighboring subsection 227(b)—supports the above plain text understanding. Congress "ratified" the longstanding interpretation from "the FCC as well as myriad courts" that "'telephone call' in § 227(b) [] include[s] text messages." *Id.* (citing Pallone-Thune Telephone Robocall Abuse Criminal Enforcement and Deterrence Act, Pub. L. No. 116-105, § 10, 133 Stat. 3274, 3284 (2019) (recognizing that text messages are covered in § 227(b) in providing for streamlined information sharing with the FCC relating to "a call made or a text message sent in violation of subsection (b)")). "Where, as here, 'Congress has not just kept its silence by refusing to overturn the administrative construction, but has ratified it with positive legislation,' we cannot but deem that construction virtually conclusive." *Id.* at *6 (quoting *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 846 (1986)). And, as *Alvarez* explained, that "ratification" "remains strongly persuasive as to a subsection of the same statute that uses identical language"—section 227(C)'s use of "telephone call."

Mr. Richards respectfully requests that the Court consider this submission as further authority supporting his opposition.

Dated: February 26, 2026

Respectfully submitted,

*/s/ Matthew Wessler*
Matthew W.H. Wessler[*]
Jessica Garland[*]
**GUPTA WESSLER LLP**
2001 K Street, NW
Suite 850 North

---

[*]admitted pro hac vice

3

        Washington, DC 20006
        (202) 888-1741
        *matt@guptawessler.com*

        Anthony Paronich (SBN 088733)
        **PARONICH LAW, P.C.**
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (617) 485-0018
        *anthony@paronichlaw.com*

        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Matthew Wessler, certify that on February 26, 2026, I filed Warren Richards' Notice of Supplemental Authority with the Clerk of the Court using its CM/ECF system, which will automatically send electronic notification of this filing to all attorneys of record in this action.

*/s/ Matthew Wessler*
Matthew Wessler
