

# UNITED STATES DISTRICT COURT
## Southern District of Indiana

**Kristine L. Seufert, Clerk of Court**

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building<br>& U.S. Courthouse, Room 105<br>46 East Ohio Street<br>Indianapolis, IN  46204<br>(317) 229-3700 | U.S. Courthouse, Room 104<br>921 Ohio Street<br>Terre Haute, IN 47807<br>(812) 231-1840 | Winfield K. Denton Federal Building<br>& U. S. Courthouse, Room 304<br>101 NW Martin Luther King Blvd.<br>Evansville, IN 47708<br>(812) 434-6410 | Lee H. Hamilton Federal Building<br>& U.S. Courthouse, Room 210<br>121 West Spring Street<br>New Albany, IN 47150<br>(812) 542-4510 |

May 19, 2026

Anthony Paronich
PARONICH LAW. P.C.
350 Lincoln Street
Suite 2400
Hingham, MA 02043

Mark S. Eisen
Benesch Friedlander Coplan & Aronoff LLP
71 S. Wacker Dr.
Suite 1600
Chicago, IL 60606

RE:  WARREN RICHARDS v. FASHION NOVA, LLC

CAUSE NO:  1:25-cv-01145-TWP-MKK

Dear Appellant and Appellee:

Please be advised that the Notice of Appeal filed in 1:25-cv-01145-TWP-MKK has been forwarded to the United States Court of Appeals for the Seventh Circuit. The Clerk of the Seventh Circuit will assign an appellate case number, docket the appeal, and notify case participants of the Seventh Circuit case number assigned to this matter.

Please review Seventh Circuit Rule 10 (enclosed) for guidance regarding record preparation.

Please contact the Clerk's office with any questions or concerns.

Sincerely,

Kristine L. Seufert
Clerk of Court

# Selected Rules for Reference

**CIRCUIT RULE 10. Preparation and Accessibility of Record in District Court Appeals**

**(a) Record Preparation Duties.**

**(1) Within 14 days of filing the notice of appeal the district court must ensure the district court docket is complete and made available electronically to the court of appeals.**

**(2) The clerk of the district court must prepare and hold any confidential record or exhibit not available electronically on the district court docket until requested by the court of appeals.**

**(3) Counsel must ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket.**

(b) *Correction or Modification of Record.* A motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P., or a motion to strike matter from the record on the ground that it is not properly a part thereof must be presented first to the district court. That court's order ruling on the motion must be included as part of the record and a notice of the order must be sent to the court of appeals.

(c) *Order or Certification with Regard to Transcript.* Counsel and court reporters are to utilize the form prescribed by this court when ordering transcripts or certifying that none will be ordered. For specific requirements, see Rules 10(b) and 11(b), Fed. R. App. P.

(d) *Ordering Transcripts in Criminal Cases.*

(1) *Transcripts in Criminal Justice Act Cases.* At the time of the return of a verdict of guilty or, in the case of a bench trial, an adjudication of guilt in a criminal case in which the defendant is represented by counsel appointed under the Criminal Justice Act (C.J.A.), counsel for the defendant must request a transcript of testimony and other relevant proceedings by completing a C.J.A. Form No. 24 and giving it to the district judge. If the district judge believes an appeal is probable, the judge must order transcribed so much of the proceedings as the judge believes necessary for an appeal. The transcript must be filed with the clerk of the district court within 40 days after the return of a verdict of guilty or, in the case of a bench trial, the adjudication of guilt or within seven days after sentencing, whichever occurs later. If the district judge decides not to order the transcript at that time, the judge must retain the C.J.A. Form No. 24 without ruling. If a notice of appeal is filed later, appointed counsel or counsel for a defendant allowed after trial to proceed on appeal in forma pauperis must immediately notify the district judge of the filing of a notice of appeal and file or renew the request made on C.J.A. Form No. 24 for a free transcript.

(2) *Transcripts in Other Criminal Cases.* Within 14 days after filing the notice of appeal in other criminal cases, the appellant or appellant's counsel must deposit with the court reporter the estimated cost of the transcript ordered pursuant to Rule 10(b), Fed. R. App. P., unless the district court orders that the transcript be paid for by the United States. A non-indigent appellant must pay a pro rata share of the cost of a transcript prepared at the request of an indigent co-defendant under the Criminal Justice Act unless the district court determines that fairness requires a different division of the cost. Failure to comply with this paragraph will be cause for dismissal of the appeal.

(e) *Indexing of Transcript.* The transcript of proceedings to be part of the record on appeal (and any copies prepared for the use of the court or counsel in the case on appeal) must be bound by the reporter, with the pages consecutively numbered throughout. The transcript of proceedings must contain a suitable index, as well as the following information:

(1) An alphabetical list of witnesses, giving the pages on which the direct and each other examination of each witness begins.

(2) A list of exhibits by number, with a brief description of each exhibit indicating the nature of its contents, and with a reference to the pages of the transcript where each exhibit has been identified, offered, and received or rejected.

(3) A list of other significant portions of the trial such as opening statements, arguments to the jury, and instructions, with a reference to the page where each begins.

When the record includes transcripts of more than one trial or other distinct proceeding, and it would be cumbersome to apply this paragraph to all the transcripts taken together as one, the rule may be applied separately to each transcript of one trial or other distinct proceeding.

(f) *Presentence Reports.* The presentence report is part of the record on appeal in every criminal case. The district court must maintain this report under seal, unless it has already been placed in the public record in the district court. If the report is under seal, the report may not be included in the appendix to the brief or the separate appendix under Fed. R. App. P. 30 and Circuit Rule 30. Counsel of record may review the presentence report but may not review the probation officer's written comments and any other portion submitted in camera to the trial judge.

(g) *Effect of Omissions from the Record on Appeal.* When a party's argument is countered by a contention of waiver for failure to raise the point in the trial court or before an agency, the party opposing the waiver contention must give the record cite where the point was asserted and also ensure that the record before the court of appeals contains the relevant document or transcript.

NOTE:   The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals are available at: http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf



# UNITED STATES DISTRICT COURT
## Southern District of Indiana

### Kristine L. Seufert, Clerk of Court

| | | | |
|---|---|---|---|
| Birch Bayh Federal Building & U.S. Courthouse, Room 105 46 East Ohio Street Indianapolis, IN  46204 (317) 229-3700 | U.S. Courthouse, Room 104 921 Ohio Street Terre Haute, IN 47807 (812) 231-1840 | Winfield K. Denton Federal Building & U. S. Courthouse, Room 304 101 NW Martin Luther King Blvd. Evansville, IN 47708 (812) 434-6410 | Lee H. Hamilton Federal Building & U.S. Courthouse, Room 210 121 West Spring Street New Albany, IN 47150 (812) 542-4510 |

May 19, 2026

RE:  WARREN RICHARDS v. FASHION NOVA, LLC

CAUSE NO:  1:25-cv-01145-TWP-MKK

Dear Appellant:

A Notice of Appeal was filed in the above case on May 18, 2026. However, a "Docketing Statement" was <u>not filed</u> along with the Notice of Appeal, as required by <u>Circuit Rule 3(c)</u> of the U.S. Court of Appeals for the Seventh Circuit. A copy of the rule is attached for reference.

Pursuant to the Seventh Circuit Rule 3(c), the appellant must serve on all parties a docketing statement and file said statement with the Clerk of the Seventh Circuit within seven (7) days of the filing of the Notice of Appeal.

<u>IMPORTANT</u>: Please do not submit the docketing statement to the U.S. District Court. The docketing statement must be filed electronically with the Seventh Circuit pursuant to Circuit Rule 25.  If the appellant is proceeding pro se, then the docketing statement should be filed on paper by mailing the same to the address below:

> Christopher Conway, Clerk
> United States Court of Appeals
> 219 South Dearborn Street, Suite 2722
> Chicago, IL 60604

Please contact the Clerk's office with any questions or concerns.

> Sincerely,
> Kristine L. Seufert,
> Clerk of Court
>
> By Karen Angermeier, Deputy Clerk
> 8122311842

# Selected Rules for Reference

CIRCUIT RULE 3. Notice of Appeal, Docketing Fee, Docketing Statement, and Designation of Counsel of Record

  (a) *Forwarding Copy of Notice of Appeal.* When the clerk of the district court sends to the clerk of this court a copy of the notice of appeal, the district court clerk shall include any docketing statement. In civil cases the clerk of the district court shall include the judgments or orders under review, any transcribed oral statement of reasons, opinion, memorandum of decision, findings of fact, and conclusions of law. The clerk of the district court shall also complete and include the Seventh Circuit Appeal Information Sheet in the form prescribed by this court.

  (b) *Dismissal of Appeal for Failure to Pay Docketing Fee.* If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal.

  (c)(1) *Docketing Statement.* The appellant must serve on all parties a docketing statement and file it with the clerk of the district court at the time of the filing of the notice of appeal or with the clerk of this court within seven days of filing the notice of appeal. The docketing statement must comply with the requirements of Circuit Rule 28(a). If there have been prior or related appellate proceedings in the case, or if the party believes that the earlier appellate proceedings are sufficiently related to the new appeal, the statement must identify these proceedings by caption and number. The statement also must describe any prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. §1915(g). If any of the parties to the litigation appears in an official capacity, the statement must identify the current occupant of the office. The docketing statement in a collateral attack on a criminal conviction must identify the prisoner's current place of confinement and its current warden; if the prisoner has been released, the statement must describe the nature of any ongoing custody (such as supervised release) and identify the custodian. If the docketing statement is not complete and correct, the appellee must provide a complete one to the court of appeals clerk within 14 days after the date of the filing of the appellant's docketing statement.

  (2) Failure to file the docketing statement within 14 days of the filing of the notice of appeal will lead to the imposition of a $100 fine on counsel. Failure to file the statement within 28 days of the filing of the notice of appeal will be treated as abandonment of the appeal, and the appeal will be dismissed. When the appeal is docketed, the court will remind the litigants of these provisions.

  (d) *Counsel of Record.* The attorney whose name appears on the docketing statement or other document first filed by that party in this court will be deemed counsel of record, and a separate notice of appearance need not be filed. If the name of more than one attorney is shown, the attorney who is counsel of record must be clearly identified. (There can be only one counsel of record.) If no attorney is so identified, the court will treat the first listed as counsel of record. The court will send documents only to the counsel of record for each party, who is responsible for transmitting them to other lawyers for the same party. The docketing statement or other document must provide the post office address and telephone number of counsel of record. The names of other members of the Bar of this Court and, if desired, their post office addresses, may be added but counsel of record must be clearly identified. An attorney representing a party who will not be filing a document shall enter a separate notice of appearance as counsel of record indicating the name of the party represented. Counsel of record may not withdraw, without consent of the court, unless another counsel of record is simultaneously substituted.


  NOTE:    The complete Federal Rules of Appellate Procedure & Rules of the 7th Circuit Court of Appeals
  are available at:  http://www.ca7.uscourts.gov/Rules/Rules/rules.pdf

## THE SETTLEMENT CONFERENCE PROGRAM
## U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure[1] and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases. The Court spontaneously notices most eligible appeals for Rule 33 conferences. Attorneys for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation. The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.      The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**
  A Notice of Rule 33 Settlement Conference is posted on the docket. The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**
  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference Office, U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail: settlement@ca7.uscourts.gov ). At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits. Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**
  No. If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?**
  No. When a Rule 33 conference is scheduled, participation is mandatory.

- **Are clients required to attend?**
  Clients and insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs. When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone – with full settlement authority – for the duration of the conference.

- **Is it mandatory to settle?**
  No. Whether to settle is ultimately for the parties and their counsel to decide. However, counsel and parties are required to participate with the utmost diligence and good faith. Experience shows that settlements can often be achieved when neither side thought it possible.

---

[1] FRAP Rule 33 provides: "Appeal Conferences. The Court may direct the attorneys, and in appropriate cases the parties, to participate in one or more conferences to address any matter that may aid in the disposition of the proceedings, including the simplification of the issues and the possibility of settlement. A conference may be conducted in person or by telephone and be presided over by a judge or other person designated by the court for that purpose. Before a settlement conference, attorneys must consult with their clients and obtain as much authority as feasible to settle the case. As a result of a conference, the court may enter an order controlling the course of the proceedings or implementing any settlement agreement."

- **Who conducts Rule 33 conferences?**
  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys: Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan. All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**
  No. The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**
  Yes. It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies. If more than one attorney meets these criteria, either of them may represent the client in the Rule 33 conference.

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?**
  When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?**
  Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?**
  Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?**
  No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?**
  Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or shuttle negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?**
  Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?**
  Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered. What preparation is required of

counsel? In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?**
  Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney**?
  Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?**
  Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| WARREN RICHARDS, *individually and on behalf of all others similarly situated* | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 1:25-cv-01145-TWP-MKK |
|  | ) | Hon. Tanya Walton Pratt |
| FASHION NOVA, LLC | ) | Hon. Magistrate M. Kendra Klump |
|  | ) | |
| Defendant. | ) | |

**PLAINTIFF'S NOTICE OF APPEAL**

Notice is hereby given that Warren Richards, individually and on behalf of all others similarly situated, hereby appeals to the United States Court of Appeals for the Seventh Circuit from this Court's Order Granting Defendant Fashion Nova, LLC's, Motion to Dismiss filed on April 17, 2026. (ECF No. 62) and Final Judgment (ECF No. 63).

Dated: May 18, 2026                     Respectfully submitted,

*/s/ Anthony Paronich*
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
*anthony@paronichlaw.com*

**CERTIFICATE OF SERVICE**

I, Anthony Paronich, hereby certify that on May 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using the electronic court filing system, which will provide notification of such filing to all counsel of record.


/s/ *Anthony Paronich*
Anthony Paronich

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WARREN RICHARDS on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:25-cv-01145-TWP-MKK |
| FASHION NOVA, LLC, | ) ) | |
| Defendant. | ) ) | |

**ENTRY CONVERTING DISMISSAL TO BE WITH PREJUDICE AND**
**DIRECTING ENTRY OF FINAL JUDGMENT**

On March 26, 2026, the Court granted Defendant Fashion Nova, LLC's Motion to Dismiss, dismissing Plaintiff Warren Richards' ("Richards") claims without prejudice and granting Richards leave of fourteen days in which to file an amended complaint (Filing No. 61). The Court explained that "[i]f nothing is filed within that time, the Motion to Dismiss will be converted to a dismissal with prejudice, and final judgment will issue." *Id.* at 10. The deadline has passed, and Richards has not filed an amended complaint. Accordingly, Richards' claims are **DISMISSED with prejudice**, and final judgment consistent with the Court's March 26, 2026 Order and this Entry will now issue.

**SO ORDERED**.

Date:   4/17/2026

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Mark S. Eisen
Benesch Friedlander Coplan & Aronoff LLP
meisen@beneschlaw.com

Jessica Garland
Gupta Wessler LLP
jessie@guptawessler.com

David M. Krueger
Benesch Friedlander Coplan & Aronoff
dkrueger@beneschlaw.com

Anthony Paronich
PARONICH LAW. P.C.
anthony@paronichlaw.com

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

WARREN RICHARDS on behalf of himself and )
others similarly situated,                )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )    No. 1:25-cv-01145-TWP-MKK
                                          )
FASHION NOVA, LLC,                        )
                                          )
                    Defendant.            )

## FINAL JUDGMENT PURSUANT TO FED. R. CIV. PRO. 58

All claims having now been resolved in this action, the Court now enters **FINAL JUDGMENT**. This case is **DISMISSED with prejudice**, and this action is **TERMINATED**.

Dated: 4/17/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Kristine L. Seufert, Clerk

BY: _____
Deputy Clerk, U.S. District Court

Distribution:

Mark S. Eisen
Benesch Friedlander Coplan & Aronoff LLP
meisen@beneschlaw.com

Jessica Garland
Gupta Wessler LLP
jessie@guptawessler.com

David M. Krueger
Benesch Friedlander Coplan & Aronoff
dkrueger@beneschlaw.com

Anthony Paronich
PARONICH LAW. P.C.
anthony@paronichlaw.com

# *** PUBLIC DOCKET ***

APPEAL,CLOSED

**U.S. District Court**
**Southern District of Indiana (Indianapolis)**
**CIVIL DOCKET FOR CASE #: 1:25-cv-01145-TWP-MKK**

| | |
|---|---|
| RICHARDS v. FASHION NOVA, LLC | Date Filed: 06/11/2025 |
| Assigned to: District Judge Tanya Walton Pratt | Date Terminated: 04/17/2026 |
| Referred to: Magistrate Judge M. Kendra Klump | Jury Demand: Plaintiff |
| Cause: 47:227 Restrictions of Use of Telephone Equipment | Nature of Suit: 485 Telephone Consumer Protection Act (TCPA) |
| | Jurisdiction: Federal Question |

**Plaintiff**

**WARREN RICHARDS**
*on behalf of himself and others similarly situated*

represented by **Anthony Paronich**
PARONICH LAW. P.C.
350 Lincoln Street
Suite 2400
Hingham, MA 02043
617-485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com
*ATTORNEY TO BE NOTICED*

**Jessica Garland**
Gupta Wessler LLP
2001 K St NW
Suite 850 North
Washington, DC 20006
202-888-1741
Email: jessie@guptawessler.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**FASHION NOVA, LLC**

represented by **David M. Krueger**
Benesch Friedlander Coplan & Aronoff
127 Public Square
Suite 4900
Cleveland, OH 44114
440-313-2974
Fax: 216-363-4588
Email: dkrueger@beneschlaw.com
*ATTORNEY TO BE NOTICED*

**Mark S. Eisen**
Benesch Friedlander Coplan & Aronoff LLP

71 S. Wacker Dr.
Suite 1600
Chicago, IL 60606
312-212-4949
Fax: 312-767-9192
Email: meisen@beneschlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/11/2025 | 1 | COMPLAINT against Fashion Nova, LLC, filed by Warren Richards. (Filing fee $405, receipt number AINSDC-8720220) (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons)(Paronich, Anthony) (Entered: 06/11/2025) |
| 06/11/2025 | 2 | Summons Issued as to FASHION NOVA, LLC. (LBT) (Entered: 06/11/2025) |
| 06/11/2025 | 3 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (LBT) (Entered: 06/11/2025) |
| 06/11/2025 | 4 | Notice to File Rule 7.1 Disclosure Statement. (KLS) (LBT) (Entered: 06/11/2025) |
| 06/11/2025 | 5 | NOTICE of Appearance by Anthony Paronich on behalf of Plaintiff WARREN RICHARDS. (Paronich, Anthony) (Entered: 06/11/2025) |
| 06/18/2025 | 6 | RETURN of Service, filed by WARREN RICHARDS. FASHION NOVA, LLC served on 6/17/2025. (Paronich, Anthony) (Entered: 06/18/2025) |
| 07/11/2025 | 7 | NOTICE of Parties' First Extension of Time re Filing a response to pleading defined by Fed. R. Civ. P. 7(a), filed by Defendant FASHION NOVA, LLC. (Warren, Andrea) (Entered: 07/11/2025) |
| 07/29/2025 | 8 | NOTICE of Appearance by Manuel Herceg on behalf of Defendant FASHION NOVA, LLC. (Herceg, Manuel) (Entered: 07/29/2025) |
| 07/29/2025 | 9 | Unopposed MOTION for Extension of Time to August 13, 2025 *to Respond to Plaintiff's Complaint*, filed by Defendant FASHION NOVA, LLC. (Attachments: # 1 Text of Proposed Order)(Herceg, Manuel) (Entered: 07/29/2025) |
| 07/30/2025 | 10 | ORDER granting 9 Motion for Extension of Time - The deadline for Defendant to respond to Plaintiff's Complaint is extended to and including August 13, 2025. (See Order.) Signed by Magistrate Judge M. Kendra Klump on 7/30/2025. (JSR) (Entered: 07/30/2025) |
| 07/30/2025 | 11 | ORDER SETTING INITIAL PRETRIAL CONFERENCE - This case is assigned for an initial pretrial conference by telephone on September 8, 2025, at 1:30 p.m. (Eastern Time), before United States Magistrate Judge M. Kendra Klump. The court will contact counsel by separate email through the court's electronic filing system with the call-in information to be used to participate in the conference. Read this entire order carefully; it sets out the court's expectations for the conference. Signed by Magistrate Judge M. Kendra Klump on 07/30/2025.(AAS) (Entered: 07/31/2025) |
| 08/13/2025 | 13 | NOTICE of Appearance by Artin Betpera on behalf of Defendant FASHION NOVA, LLC. (Betpera, Artin) (Entered: 08/13/2025) |
| 08/13/2025 | 14 | NOTICE of Withdrawal of Appearance by *Andrea S. Warren* on behalf of FASHION NOVA, LLC (Warren, Andrea) (Entered: 08/13/2025) |
| 08/13/2025 | 15 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint*, filed by Defendant FASHION NOVA, LLC. (Betpera, Artin) (Entered: 08/13/2025) |
| 08/13/2025 | 16 | BRIEF/MEMORANDUM in Support re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint* , filed by Defendant FASHION NOVA, LLC. (Betpera, Artin) (Entered: 08/13/2025) |

| 08/22/2025 | 17 | Consent MOTION for Extension of Time to File Response to October 3, 2025 re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint* , filed by Plaintiff WARREN RICHARDS. (Paronich, Anthony) (Entered: 08/22/2025) |
|---|---|---|
| 08/22/2025 | 18 | Submission of Proposed Order , re 17 Consent MOTION for Extension of Time to File Response to October 3, 2025 re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint* , filed by Plaintiff WARREN RICHARDS. (Paronich, Anthony) (Entered: 08/22/2025) |
| 08/22/2025 | 19 | ORDER granting 17 Consent MOTION for Extension of Time to File Response to 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's to 10/3/2025. SEE ORDER. Signed by District Judge Tanya Walton Pratt on 8/22/2025. (JRB) (Entered: 08/25/2025)* |
| 08/27/2025 | 20 | MOTION to Stay , filed by Defendant FASHION NOVA, LLC. (Betpera, Artin) (Entered: 08/27/2025) |
| 08/27/2025 | 21 | BRIEF/MEMORANDUM in Support re 20 MOTION to Stay , filed by Defendant FASHION NOVA, LLC. (Betpera, Artin) (Entered: 08/27/2025) |
| 09/02/2025 | 22 | CASE MANAGEMENT PLAN TENDERED, filed by Plaintiff WARREN RICHARDS . (Paronich, Anthony) (Entered: 09/02/2025) |
| 09/05/2025 | 23 | RESPONSE in Opposition re 20 MOTION to Stay , filed by Plaintiff WARREN RICHARDS. (Paronich, Anthony) (Entered: 09/05/2025) |
| 09/09/2025 | 24 | MINUTE ORDER for Telephonic Initial Pretrial Conference held before Magistrate Judge M. Kendra Klump on 9/8/2025. Telephonic Status Conference set for 12/18/2025 at 3:00 PM (Eastern Time) before Magistrate Judge M. Kendra Klump. See Minute Order for further information. Signed by Magistrate Judge M. Kendra Klump. (BAS) (Entered: 09/10/2025) |
| 09/11/2025 | 26 | ORDER: CASE MANAGEMENT PLAN. APPROVED AS AMENDED AND SO ORDERED. (See Order.) Signed by Magistrate Judge M. Kendra Klump on 09/11/2025. (AJG) (Entered: 09/12/2025) |
| 09/12/2025 | 27 | REPLY in Support of Motion re 20 MOTION to Stay , filed by Defendant FASHION NOVA, LLC. (Betpera, Artin) (Entered: 09/12/2025) |
| 09/30/2025 | 28 | Consent MOTION for Extension of Time to File Response to November 3, 2025 re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint* , filed by Plaintiff WARREN RICHARDS. (Paronich, Anthony) (Entered: 09/30/2025) |
| 10/01/2025 | 29 | Submission of Proposed Order , re 28 Consent MOTION for Extension of Time to File Response to November 3, 2025 re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint* , filed by Plaintiff WARREN RICHARDS. (Paronich, Anthony) (Entered: 10/01/2025) |
| 10/03/2025 | 30 | ORDER granting 28 Consent MOTION for Extension of Time to File Response to , 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint* to 11/3/2025. Signed by District Judge Tanya Walton Pratt on 10/3/2025. (JRB) (Entered: 10/03/2025) |
| 10/20/2025 | 31 | RESPONSE in Opposition re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint* , filed by Plaintiff WARREN RICHARDS. (Paronich, Anthony) (Entered: 10/20/2025) |
| 10/21/2025 | 32 | Witness List , filed by Plaintiff WARREN RICHARDS. (Paronich, Anthony) (Entered: 10/21/2025) |
| 10/23/2025 | 33 | Unopposed MOTION for Extension of Time to File Reply to 11/17/2025 re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint* , filed by Defendant FASHION NOVA, LLC. (Attachments: # 1 Text of Proposed Order) (Betpera, Artin) (Entered: 10/23/2025) |

| | | |
|---|---|---|
| 10/26/2025 | 34 | ORDER granting 33 Unopposed MOTION for Extension of Time to File Reply in Support of 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's to 11/17/2025. SEE ORDER. Signed by District Judge Tanya Walton Pratt on 10/26/2025. (JRB) (Entered: 10/27/2025)* |
| 10/27/2025 | 35 | ORDER granting 20 Motion to Stay - The matter is STAYED pending resolution of Defendant's motion to dismiss. SEE ORDER. Signed by Magistrate Judge M. Kendra Klump on 10/24/2025. (JRB) (Entered: 10/27/2025) |
| 11/13/2025 | 36 | NOTICE *of Supplemental Authority*, filed by Plaintiff WARREN RICHARDS, re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint*, 31 Response in Opposition to Motion. (Attachments: # 1 Exhibit 1 -- Mujahid v. Newity, LLC, 2025 U.S. Dist. LEXIS 221088 (N.D. Ill.) (Nov. 10, 2025)) (Paronich, Anthony) (Entered: 11/13/2025) |
| 11/17/2025 | 37 | NOTICE of Appearance by David M. Krueger on behalf of Defendant FASHION NOVA, LLC. (Krueger, David) (Entered: 11/17/2025) |
| 11/17/2025 | 38 | REPLY in Support of Motion re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint* , filed by Defendant FASHION NOVA, LLC. (Krueger, David) (Entered: 11/17/2025) |
| 11/17/2025 | 39 | NOTICE of Withdrawal of Appearance by *Manuel "Manny" Herceg* on behalf of FASHION NOVA, LLC (Attachments: # 1 Text of Proposed Order) (Herceg, Manuel) (Entered: 11/17/2025) |
| 11/17/2025 | 40 | NOTICE of Withdrawal of Appearance by *Notice of Withdrawal of Representation of Defendant Fashion Nova, LLC* on behalf of FASHION NOVA, LLC (Betpera, Artin) (Entered: 11/17/2025) |
| 11/18/2025 | 41 | ORDER ACKNOWLEDGING WITHDRAWAL OF ATTORNEY MANUEL "MANNY" HERCEG FOR DEFENDANT FASHION NOVA, LLC - This matter having come before the Court on Manuel "Manny" Herceg of Taft Stettinius & Hollister LLP's Notice of Withdrawal of Representation for Defendant Fashion Nova, LLC, and the Court, having reviewed said Notice, now acknowledges the Noticeand ORDERS that the appearance of Manuel Herceg on behalf of Fashion Nova, LLC has been withdrawn. Signed by District Judge Tanya Walton Pratt on 11/18/2025.(TPS) (Entered: 11/18/2025) |
| 12/05/2025 | 42 | MOTION for Attorney(s) Mark S. Eisen to Appear pro hac vice (Filing fee $100, receipt number AINSDC-9003548), filed by Defendant FASHION NOVA, LLC. (Attachments: # 1 Text of Proposed Order)(Eisen, Mark) (Entered: 12/05/2025) |
| 12/16/2025 | 43 | ORDER GRANTING MOTION TO APPEAR PRO HAC VICE - This cause has come before the Court upon the motion of Mark S. Eisen, counsel for Defendant Fashion Nova, LLC, for leave to appear and participate pro hac vice in the above captioned cause only. Being fully advised, it is now ORDERED that the motion be, and hereby is, GRANTED. Signed by Magistrate Judge M. Kendra Klump on 12/16/2025. (See Order.) (BAA) (Entered: 12/17/2025) |
| 12/18/2025 | 44 | MINUTE ORDER for Telephonic Status Conference held before Magistrate Judge M. Kendra Klump on 12/18/2025. Telephonic Status Conference set for 4/21/2026 at 3:00 PM (Eastern Time) before Magistrate Judge M. Kendra Klump. See Minute Order for further information. Signed by Magistrate Judge M. Kendra Klump. (BAS) (Entered: 12/18/2025) |
| 02/05/2026 | 46 | Unopposed MOTION *for Oral Argument Regarding Its Motion to Dismiss Pursuant to Rule 12(b)(6)*, filed by Defendant FASHION NOVA, LLC. (Attachments: # 1 Text of Proposed Order)(Krueger, David) (Entered: 02/05/2026) |
| 02/09/2026 | 47 | ORDER GRANTING 46 UNOPPOSED REQUEST FOR ORAL ARGUMENT ON FASHION NOVA'S MOTION TO DISMISS - Oral Argument set for 3/10/2026 at 10:00 AM in room #344, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before District Judge Tanya Walton Pratt, to be held simultaneously with the argument in Richards v. Shein Distribution Corporation, No. 1:25-cv-01385. No additional time is needed for this argument. Signed by District Judge Tanya Walton Pratt on 2/9/2026.(TPS) (Entered: 02/09/2026) |

| 02/24/2026 | 48 | NOTICE *of Supplemental Authority*, filed by Defendant FASHION NOVA, LLC, re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint*, 16 Brief/Memorandum in Support. (Attachments: # 1 Exhibit 1 - Radvansky v. 1-800-Flowers.com, Inc., # 2 Exhibit 2 - Radvansky v. Kendo Holdings, Inc., # 3 Exhibit 3 - McGonigle v. Pure Green Franchise Corp.) (Eisen, Mark) (Entered: 02/24/2026) |
|---|---|---|
| 02/25/2026 | 49 | MOTION for Attorney(s) Jessica E. Garland to Appear pro hac vice (Filing fee $100, receipt number AINSDC-9139484), filed by Plaintiff WARREN RICHARDS. (Garland, Jessica) (Entered: 02/25/2026) |
| 02/26/2026 | 50 | ORDER granting 49 Motion for Attorney(s) Jessica E. Garland to Appear pro hac vice. (SEE ORDER.) Signed by Magistrate Judge M. Kendra Klump on 2/26/2026. (TPS) (Entered: 02/26/2026) |
| 02/26/2026 | 51 | NOTICE *OF SUPPLEMENTAL AUTHORITY*, filed by Plaintiff WARREN RICHARDS, re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint*, 31 Response in Opposition to Motion. (Wessler, Matthew) (Entered: 02/26/2026) |
| 02/26/2026 | 52 | NOTICE *OF SUPPLEMENTAL AUTHORITY*, filed by Plaintiff WARREN RICHARDS, re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint*, 31 Response in Opposition to Motion. (Wessler, Matthew) (Entered: 02/26/2026) |
| 02/26/2026 | 53 | NOTICE *OF SUPPLEMENTAL AUTHORITY*, filed by Plaintiff WARREN RICHARDS, re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint*, 31 Response in Opposition to Motion. (Wessler, Matthew) (Entered: 02/26/2026) |
| 03/02/2026 | 54 | MARGINAL ENTRY re 53 - Acknowledged. Signed by District Judge Tanya Walton Pratt on 3/2/2026. (BAA) (Entered: 03/02/2026) |
| 03/02/2026 | 55 | MARGINAL ENTRY by District Judge Tanya Walton Pratt on 3/2/2026 - 48 Notice of Supplemental Authority Acknowledged. (TPS) (Entered: 03/02/2026) |
| 03/02/2026 | 56 | MARGINAL ENTRY by District Judge Tanya Walton Pratt on 3/2/2026 - 51 Notice of Supplemental Authority Acknowledged. (TPS) (Entered: 03/02/2026) |
| 03/03/2026 | 57 | MARGINAL ENTRY re 52 Notice of Supplemental Authority - Acknowledged. Signed by District Judge Tanya Walton Pratt on 3/3/2026.(AAS) (Entered: 03/03/2026) |
| 03/09/2026 | 58 | NOTICE *of Supplemental Authority*, filed by Defendant FASHION NOVA, LLC, re 15 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Fashion Nova, LLC's Motion to Dismiss Plaintiff's Complaint*. (Attachments: # 1 Exhibit Stockdale v. Skymount Property Group) (Eisen, Mark) (Entered: 03/09/2026) |
| 03/10/2026 | 59 | MARGINAL ENTRY acknowledging 58 NOTICE of Supplemental Authority. Signed by District Judge Tanya Walton Pratt on 3/10/2026. (CCG) (Entered: 03/10/2026) |
| 03/10/2026 | 60 | MINUTE ENTRY for proceedings held before District Judge Tanya Walton Pratt on 3/10/2026: Plaintiff appeared by counsel Jessica Garland. Defendant appeared by counsel Mark Eisen. Parties appeared for oral argument on Defendant's Motion to Dismiss for Failure to State a Claim (Filing No. 15 ). Argument heard. Motion taken under advisement. Signed by District Judge Tanya Walton Pratt. (Court Reporter David Moxley.)(SMH) (Entered: 03/10/2026) |
| 03/26/2026 | 61 | ORDER granting 15 Motion to Dismiss - Richards' claims are dismissed without prejudice. Richards is granted leave of fourteen (14) days from the date of this Order to file an amended complaint, if such filing would not be futile. If nothing is filed within that time, the Motion to Dismiss will be converted to a dismissal with prejudice, and final judgment will issue. SEE ORDER. Signed by District Judge Tanya Walton Pratt on 3/26/2026. (JRB) (Entered: 03/27/2026) |
| 04/17/2026 | 62 | ENTRY CONVERTING DISMISSAL TO BE WITH PREJUDICE AND DIRECTING ENTRY OF FINAL JUDGMENT - On March 26, 2026, the Court granted Defendant Fashion Nova, LLC's Motion to Dismiss, dismissing Plaintiff Warren Richards' ("Richards") claims without prejudice and granting |

| | | |
|---|---|---|
| | | Richards leave of fourteen days in which to file an amended complaint (Filing No. 61 ). The Court explained that "[i]f nothing is filed within that time, the Motion to Dismiss will be converted to a dismissal with prejudice, and final judgment will issue." Id. at 10. The deadline has passed, and Richards has not filed an amended complaint. Accordingly, Richards' claims are DISMISSED with prejudice, and final judgment consistent with the Court's March 26, 2026 Order and this Entry will now issue. Signed by District Judge Tanya Walton Pratt on 4/17/2026.(KAA) (Entered: 04/17/2026) |
| 04/17/2026 | 63 | FINAL JUDGMENT PURSUANT TO FED. R. CIV. PRO. 58 - All claims having now been resolved in this action, the Court now enters FINAL JUDGMENT. This case is DISMISSED with prejudice, and this action is TERMINATED. Signed by District Judge Tanya Walton Pratt on 4/17/2026.(KAA) (Entered: 04/17/2026) |
| 05/18/2026 | 64 | NOTICE OF APPEAL as to 63 Closed Judgment, 62 Entry, filed by Plaintiff WARREN RICHARDS. (Filing fee $605, receipt number AINSDC-9280818) (Paronich, Anthony) (Entered: 05/18/2026) |

**Case #: 1:25-cv-01145-TWP-MKK**